EDWARD LAPLANTE *v.* P. P. BRIANT, Agent, et al.

The general mandate to the husband, to act as agent for the wife separated in property from him, confers upon him only a power of administration; he must have an express and special authority to acknowledge a debt, or to draw or indorse bills of exchange or promissory notes.

APPEAL from the District Court of the Parish of St. Martin. *Martel,* J. *Martin Voorhies,* for plaintiff. *Simon & Gary,* for defendants and appellants.

COLE, J. This is a suit on a promissory note executed in favor of the plaintiff, by the defendant, *P. P. Briant,* as the agent of his wife, *Clara Fuselier.*

There was judgment against *Briant,* as agent, and against his wife personally. They have appealed.

It is established, that a separation of property has existed between the parties since 1843.

The first question that arises is, was *Briant* authorized to sign the note, as agent of his wife.

The whole evidence on the extent of the mandate vested in him by his wife, is as follows :

*Judge Simon* testifies " that he saw *P. P. Briant* act as agent of his wife in acts or deeds relative to the property belonging to his wife; that he was employed through *P. P. Briant* to represent his wife in this case."

*J. A. Deblanc* testifies " that he is the Sheriff of the parish, and that for the last ten years *P. P. Briant* has been notoriously insolvent; that he has oftentimes received drafts drawn by *P. P. Briant,* as agent of his wife, without her signing the same, for the payment of her taxes ; and that he acts generally as such in the administration of her property and plantation."

In the act of compromise between the widow *Jacques P. Briant* and the defendants, it is declared, that the husband, *P. P. Briant* had administered or conducted a plantation, in which his wife had an interest.

The words used in the act are " L'habitation qui jusqu'à ce jour a été gérée par le sieur *Pierre Paul Briant."*

The mandate to the husband, for the purpose of acting as agent of his wife, in acts or deeds relative to her property, does not embody the authority to acknowledge a debt, or to draw or endorse bills of exchange, or promissory notes.

The power to draw drafts, for the payment of taxes, does not include the general authority to acknowledge any other debts but those arising from taxes ; or to execute drafts, notes, or bills of exchange for any other liabilities of the principal, save those of taxes.

The authority to conduct or administer a plantation does not authorize the agent to acknowledge debts or execute written obligations binding upon the principal.

" The principal is bound to execute the engagements contracted by the attorney, conformably to the power confided to him. For any thing further, he is not bound, except in so far as he has expressly ratified it." C. C., Art. 2990.

" A mandate conceived in general terms, confers only a power of administration ; thus the power must be express and special to acknowledge a debt, or to draw or indorse bills of exchange or promissory notes." C. C. 2965, 2966.

2. Was the consideration of the note for the household expenses of defendants, the education of their children, or the separate estate of the wife. ˙ C. C. 2409.

The account is in evidence for which the note was given; and is made out in the name of *P. P. Briant*, and not in that of his wife. It consists of several items, amounting in all to $504 05.

The consideration of the following items is not shown, to wit : 4 notes, total amount $768 20; account of *Madam Lassaline Briant*, $115 30; *Sabatier*, $53 50; *Hardy*, $5 00.

It is alleged, that the account of *Madam Briant* was assumed by the wife of *P. P. Briant*, in the settlement before mentioned; but we can find no assumption of it therein.

The preceding items cannot be allowed, as it is not shown they are debts created personally by the wife, or for the household expenses of defendants, the education of their children, or the separate estate of the wife.

The goods purchased at the store of plaintiff, for $162 05, must be paid by the wife.

The bill of these, which is one of the items in the general account, is for such articles as are usually purchased for the use of families. It is also established, *Mrs. P. P. Briant* was in the habit of purchasing goods at the store of plaintiff, about the time this store account commenced, and that she had an open account therein at that epoch, and that her husband is insolvent.

If she had an account different from this, it was her duty to have proved it.

It is, therefore, ordered, adjudged and decreed, that the judgment be avoided and reversed; it is further ordered and decreed, that plaintiff recover of defendant, *Clara Fuselier*, wife of *P. P. Briant*, and separated in property from him, one hundred and sixty-two dollars and five cents ($162 05) with eight per cent. interest thereon from the first of April, 1856, till paid, and the costs of the lower court; it is further decreed, that plaintiff pay the costs of appeal, and that the rights of plaintiff, if any he may have, be reserved against the defendant, *P. P. Briant*.